1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   BENSUSSEN DEUTSCH &           CASE NO. C20-302 MJP
     ASSOCIATES, LLC,

11                                 ORDER ON MOTION TO
                     Plaintiff,    REMAND

12
             v.
13
     MONIQUE MOLLINS, et al.,
14
                     Defendants.
15

16   The above-entitled Court, having received and reviewed:

17   1.  Plaintiff's Motion for Remand to State Court (Dkt. No. 14),

18   2.  Defendant Image Solution Apparel, Inc.'s Response to Motion for Remand to State

19       Court (Dkt. No. 17),

20   3.  Plaintiff's Reply in Support of Motion for Remand to State Court (Dkt. No. 20),

21   4.  Defendant Image Solution Apparel, Inc.'s Surreply to Plaintiff's Reply in Support of

22       Motion for Remand to State Court (Dkt. No. 23),

23   all attached declarations and exhibits, and relevant portions of the record, rules as follows:

24

1        IT IS ORDERED that the motion is DENIED, without prejudice to renew the motion

2  when essential information is supplied.

3                                  **Background**

4        Plaintiff is a purveyor of "promotional products" which employed Defendant Mollins

5  from November 2010 through June 2019.  Over the course of Mollins' employment, Plaintiff

6  alleges that she signed five Employment Agreements, all of which contained a forum selection

7  clause (naming King County Superior Court as the venue for any disputes arising under the

8  agreements), as well as non-compete and confidentiality provisions.  BDA alleges that the final

9  agreement (which forms the basis for Plaintiff's complaint) was signed on August 15, 2015.

10  Dkt. No. 1-3, Complaint at ¶ 3.6.

11        Plaintiff alleges that, following Mollins' departure from the company but while still

12  subject to the non-compete covenant, she went to work for ISA.  Plaintiff claims that ISA was

13  aware of Mollins' employment agreement and the non-compete covenant, and that neither

14  Mollins nor ISA to any steps to prevent the use of confidential and/or proprietary client

15  information in direct competition with Plaintiff's business.  Id. at ¶¶ 3.27 – 3.29.

16        On December 31, 2019, BDA filed its complaint in King County Superior Court.  The

17  complaint seeks damages but specifies no damages amount ("BDA has suffered damages in an

18  amount to be determined at trial;" Id. at ¶ 4.11, § V.2).  Attorney fees and costs are sought

19  "pursuant to RCW 19.108.040, the Employment Agreements between Defendant Mollins and

20  BDA, RCW 4.84.185, and any other applicable law."  Id. at § V.4.  On February 25, 2020,

21  Defendants filed a Notice of Removal on diversity jurisdiction grounds.  Dkt. No. 1.

22

23

24

ORDER ON MOTION TO REMAND - 2

**Discussion**

Plaintiff BDA seeks a remand of this matter to state court on two grounds.  First, that the forum selection clause in Defendant Mollins' Employment Agreement with them is enforceable against Defendants Mollins and ISA.  Second, that ISA lacked the grounds upon which to claim diversity jurisdiction in its Notice of Removal; specifically, that the requisite proof of the $75,000 amount in controversy is lacking.

As regards the enforceability of the forum selection clause against Defendant ISA:  There is a disagreement between the parties concerning whether ISA was ever provided with a copy of Defendant Mollins' Employment Agreement with Plaintiff.  The Court finds no need to resolve that dispute at this point because there appears to be no dispute that, if ISA was ever provided with a copy of the Employment Agreement, it was an agreement executed in May of 2015 and was <u>not</u> the agreement which governed Mollins' relationship with BDA at the time she left the company's employment.  The document which BDA alleges that it provided ISA (*see* Dkt. No. 21, Decl. of Jensen, Ex. A) was not the document upon which it bases its complaint.  ISA has a right to contest the enforceability of the forum selection cause upon which Plaintiff relies, and a right to be provided a copy of the agreement containing that provision.  But ISA cannot challenge the terms of a document which (1) is in Plaintiff's possession and (2) it has never been provided.

Similarly, Defendants have not been furnished with the amount of damages which Plaintiff seeks by means of this lawsuit, forcing them to simply state in their Notice of Removal that they "conclude that BDA is seeking damages greater than $75,000." Dkt. No. 1, Notice of Removal, ¶ 5.  Plaintiff has provided no means by which Defendants can assert anything more than a good-faith conclusion.

The Court will address one issue relative to subject of diversity jurisdiction in hopes that it will aid the parties as they move forward.  BDA claims that

> [t]he Ninth Circuit has not ruled on the issue [of whether attorney's fees can be included in calculation of the amount in controversy] but the 'emerging consensus' among district courts within the Ninth Circuit is that 'attorney fees anticipated but unaccrued at the time of removal are not properly in controversy for jurisdictional purposes.'  Reames v. AB Car Rental Services, Inc., 899 F.Supp.2d 1012, 1020-21 (D. Or. 2012)."

Reply at 7.   Plaintiff is incorrect.  Reames is a 2012 District Court case which has been superseded by later developments in the law.  The Ninth Circuit has held that certain attorney fees may be included in the jurisdictional calculation:

> We conclude, in light of Chavez and our precedents, that a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met. See id. at 417-18; Gonzales, 840 F.3d at 648; Lowdermilk, 479 F.3d at 1000; Kroske, 432 F.3d at 980. We have long held (and reiterated in Chavez) that attorneys' fees awarded under fee-shifting statutes or contracts are included in the amount in controversy. Gonzales, 840 F.3d at 648; Lowdermilk, 479 F.3d at 1000; Kroske, 432 F.3d at 980. As explained in Chavez, when we assess the amount in controversy at the time of removal, we must include all relief to which a plaintiff is entitled if the action succeeds. 888 F.3d at 418. Accordingly, if the law entitles the plaintiff to future attorneys' fees if the action succeeds, "then there is no question that future [attorneys' fees] are 'at stake' in the litigation," id. at 417, and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy.

Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 794 (9th Cir. 2018).

In its complaint, Plaintiff is clearly asserting its right to attorney fees under various statutes and its employment agreement with Mollins.  See Dkt. No. 1-3, Complaint at § V.4.  ("4. For attorney's fees and costs pursuant to RCW 19.108.040, the Employment Agreements between Defendant Mollins and BDA, RCW 4.84.185, and any other applicable law.")   Again, in the absence of any evidence of the agreement which governs the dispute, the existence and enforceability of a fee-shifting provision remains an open question.

| | |
|---|---|
| 1 | <div align="center">**Conclusion**</div> |
| 2 | Under the circumstances, the Court is not prepared to rule on Plaintiff's motion and thus |
| 3 | dismisses it without prejudice.  Plaintiff is free to renew the motion if it wishes once the |
| 4 | evidentiary shortcomings have been addressed. |
| 5 | |
| 6 | |
| 7 | The clerk is ordered to provide copies of this order to all counsel. |
| 8 | Dated May 18, 2020. |
| 9 | |
| 10 | Marsha J. Pechman |
| 11 | United States Senior District Judge |
| 12 | |